NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VERNORD CLEVELAND ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> J.D. STOKES, Acting Warden, ) <br> ) <br> Defendant. ) <br> ) | No. C 05-3497 JF (PR) <br><br> ORDER OF DISMISSAL; <br> INSTRUCTIONS TO CLERK |

Plaintiff, proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the Warden of San Quentin State Prison ("SQSP"), where plaintiff was formerly housed. On January 8, 2007, plaintiff filed an amended complaint.[1] The Court will dismiss the complaint for failure to state a cognizable claim for relief.

**DISCUSSION**

A. Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1]The amended complaint was inadvertently docketed as a "letter" (Docket No. 16).

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.05\Cleveland497dis.wpd        1

1  governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify
2  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
3  claim upon which relief may be granted or seek monetary relief from a defendant who is
4  immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
5  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
6  1988).

7        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8  elements: (1) that a right secured by the Constitution or laws of the United States was
9  violated, and (2) that the alleged violation was committed by a person acting under the
10 color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

11 B.  Claims

12    1.  Retaliation

13       Plaintiff alleges that he was transferred from SQSP to another prison because
14 prison officials did not want plaintiff to be housed in the same prison as his adopted
15 brother, who was on death row at SQSP. Plaintiff objects to this transfer because he did
16 not know this adopted brother and was raised separately from him. Plaintiff also objects
17 because he has not been able to participate in the same work assignment in the prison to
18 which he was transferred.

19       The transfer of plaintiff does not in and of itself implicate his constitutional rights
20 because prisoners have no constitutional right to incarceration in a particular institution.
21 See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Rizzo v. Dawson, 778 F.2d 527,
22 530 (9th Cir. 1985) (prisoner's liberty interests are sufficiently extinguished by his
23 conviction that state may generally confine or transfer him to any institution without
24 offending the Constitution).

25       Plaintiff claims that the transfer nevertheless violates his constitutional rights
26 because it was a "retaliatory." Retaliation by a state actor for the exercise of a
27 constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for
28 different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle,

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.05\Cleveland497dis.wpd       2

429 U.S. 274, 283-84 (1977). Here, however, plaintiff alleges that prison officials transferred him away from SQSP because he has an adopted brother on death row in the same prison, not because he exercised his constitutional rights.[2]

Plaintiff alleges that prior to his transfer he had filed two inmate grievances. The filing of grievances does constitute the exercise of constitutional rights. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, the simple allegation that the transfer occurred after the grievances were filed does not, without more, establish retaliation; rather, plaintiff must allege a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Here, plaintiff does not allege any nexus between plaintiff's grievances and the transfer. To the contrary, plaintiff alleges that prison officials transferred him because his brother was in the same prison. Consequently, the allegations in the amended complaint indicate that his transfer was not done in retaliation for the exercise of his constitutional rights. Accordingly, the amended complaint fails to state a cognizable claim for retaliation under § 1983.

      2.      Medical Care

Plaintiff claims that in August 2005, an unnamed doctor and nurse at SQSP failed to provide him treatment for his back pain and arthritic knee, and that as a result he could not obtain privileges for sleeping in a lower bunk.

Plaintiff does not name as a defendant, or even identify, the doctor, nurse or any other official who allegedly failed to provide him with adequate medical care or caused him to sleep in an upper bunk. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the only

---

[2] Plaintiff cites no authority, and the Court is aware of none, providing that he had a constitutional right to be housed in the same prison as a family member.

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.05\Cleveland497dis.wpd      3

1  defendant named in the amended complaint is the Warden of SQSP.[3]  Plaintiff has not
2  alleged any actions by the Warden that proximately caused the doctor and nurse to refuse
3  him care or that proximately caused plaintiff's assignment to an upper bunk.  Naming the
4  Warden on the apparent theory that he is responsible for the actions of subordinate
5  officials based on respondeat superior does not state a cognizable claim under § 1983.
6  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of
7  respondeat superior liability in § 1983 context and requiring individual liability for
8  constitutional violation).  Consequently, plaintiff's allegations regarding his medical care
9  and bunk assignment do not state a cognizable claim for relief against defendant.

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a cognizable claim for relief.

The docket identifies the January 8, 2007 amended complaint as a letter.  The Clerk shall change the January 8, 2007 docket entry (Docket No. 16) to reflect that the document is an amended complaint."

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: 4/25/08

JEREMY FOGEL
United States District Judge

---

[3] Additional defendants are named in the original complaint.  The amended complaint supersedes the original complaint, however, and defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  This rule applies to pro se cases.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In any event, the defendants in the original complaint also do not appear to be the doctor, nurse or other officials involved in his medical care and bunk assignment.